UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Mitchell Thompson, | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Twin Rivers Paper Company LLC, | * |
| | * |
|     Defendant | * |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, Mitchell Thompson, by and through his attorney, hereby complains against Defendant, Twin Rivers Paper Company LLC, as follows:

**JURISDICTION AND ADMINISTRATIVE PROCEEDINGS**

(1) This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and the Maine Human Rights Act (the "MHRA"), 5 M.R.S. §§ 4551 to 4634.

(2) This court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

(3) This court has proper supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

1

(4)  Declaratory, injunctive, and equitable relief is sought under 42 U.S.C. § 2000e-5 and 5 M.R.S. §§ 4613(2)(B).

(5)  Compensatory and punitive damages are sought under 42 U.S.C. § 1981a and 5 M.R.S. § 4613(2)(B)(8).

(6)  Costs and attorney's fees are sought under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12005, 5 M.R.S. § 4614; and Rule 54 of the Federal Rules of Civil Procedure.

(7)  This action properly lies in the District of Maine under 28 U.S.C. § 1391(b), because the claims arose in this judicial district.

(8)  This action is properly filed and shall be tried in Bangor because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Aroostook County.

(9)  On March 28, 2022, Plaintiff filed a charge of employment discrimination against Defendant with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

(10) On January 9, 2024, the MHRC dismissed the case under the MHRA, 5 M.R.S. § 4612(2).

(11) On January 31, 2024, the EEOC issued Plaintiff a Determination and Notice of Rights Notice under 42 U.S.C. §§ 2000e-5(f)(1), 12117.

(12) All preconditions precedent required to obtain the relief listed in 5 M.R.S. § 4622(1) and for EEOC administrative exhaustion have been performed or have occurred.

## PARTIES

(13) Plaintiff, Mitchell Thompson, is a citizen of the United States and the State of Maine who is a resident of Madawaska, Aroostook County, State of Maine.

(14) Defendant, Twin Rivers Paper Company LLC ("Twin Rivers"), is a Delaware corporation.

(15) At all material times to this complaint, Twin Rivers operated a paper mill in Madawaska, Maine.

(16) At all material times to this complaint, Twin Rivers had 15 or more employees for purposes of coverage under the ADA.

## STATEMENT OF FACTS

(17) In the fall 2021 Mitchell Thompson applied to work as a general laborer for Twin Rivers.

(18) Thompson met the qualifications for the position as described in the advertisement Twin Rivers posted at the time.

(19) If hired, Thompson would have been able to perform the job functions described in the advertisement Twin Rivers posted at the time.

(20) On October 25, 2021, Twin Rivers offered Thompson the position.

(21) On October 29, 2021, Thompson underwent a pre-placement medical examination at Twin Rivers.

(22) At the conclusion of the examination, the Twin Rivers' medical examiner determined that Thompson had no limiting conditions for the position.

(23) Nevertheless, purportedly because Thompson had not passed a "Titmus eye exam" during the examination, Twin Rivers refused to hire Mitch unless his eyesight could be improved with eyeglasses.

(24) Thompson has strabismic amblyopia in his right eye, nystagmus, bilateral myopia, and a history of multiple strabismus surgeries.

(25) As a result of his medical conditions, Thompson's best corrected vision was 20/80 in his right eye and 20/70 in his left eye at the time of the medical examination.

(26) Due to his medical conditions, Thompson's eyesight could not be further improved with eyeglasses.

(27) Thompson also failed the Titmus eye exam because of his medical conditions.

(28) The Titmus eye exam was not job-related for the position in question or consistent with business necessity.

(29) On November 5, 2021, Twin Rivers rescinded Thompson's employment offer and refused to hire him.

(30) Twin Rivers intentionally refused to hire Thompson because of his physical disabilities, his record of disabilities, and because Twin Rivers regarded Thompson as a person with a disability.

(31) Twin Rivers also intentionally used the Titmus eye exam to screen Thompson out from employment.

(32) Twin Rivers engaged in intentional discrimination against Thompson with reckless indifference to his rights under the ADA and the MHRA.

(33) As a result of Twin Rivers unlawful discrimination in employment against Thompson as alleged herein, he has suffered lost wages, lost benefits, loss of enjoyment of life, loss of self-esteem, injury to reputation, injury to career, emotional distress, and other pecuniary and non-pecuniary losses.

(34) Thompson has no plain, adequate or complete remedy at law to fully redress the wrongs alleged, and he will continue to suffer irreparable injury from his treatment by Twin Rivers unless it is enjoined by this court.

## COUNT I:  ADA

(35) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

(36) Twin Rivers violated the ADA.

## COUNT II:  MHRA

(37) Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

(38) Twin Rivers violated the MHRA.

## DEMAND FOR JURY TRIAL

(39) Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

(a) Enter judgment in his favor;

(b) Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

(c) Enjoin Defendant, its agents, successors, employees, and those acting in concert with Defendant, from continuing to violate the rights of the Plaintiff;

(d) Order Defendant to employ Plaintiff as if none of the discrimination had occurred or, in lieu of employment if such employment is determined to be impracticable, order front pay and benefits;

(e) Award Plaintiff equitable-relief for back pay, benefits and prejudgment interest;

(f) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(g) Award Plaintiff an amount to offset the state and federal taxes he will be required to pay for compensatory damages and any increased taxes he will have to pay because she has received a lump sum for lost wages;

(h) Award Plaintiff nominal damages;

(i) Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

(j) Award Plaintiff attorney's fees, including legal expenses, and costs of suit;

(k) Award Plaintiff prejudgment interest; and

(l) Grant Plaintiff such other and further relief as may be just and proper.

Dated: April 3, 2024                    /s/ John Gause

                                        _____
                                        John P. Gause, Esq., Bar No. 8192
                                        Eastern Maine Law, LLC
                                        23 Water St., Suite 202
                                        Bangor, ME 04401
                                        (207) 947-5100
                                        jgause@easternmainelaw.com

                                        ATTORNEY FOR PLAINTIFF